UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PAUL ROLLEN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:06CV1114CAS(MLM) |
| ) | |
| TROY STEELE, ) | |
| ) | |
| Respondent. ) | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This matter is before the court on petitioner's Motion for Default Judgment or, in the Alternative, Other Appropriate Sanctions. [Doc. 25] As grounds, petitioner states that respondent did not file a timely response to his First Amended Petition and thus he is entitled to a default judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure.

Rule 11 of the Rules Governing Section 2254 Cases states:

The Federal Rules of Civil Procedure, to the extent they are not inconsistent with any statutory provision or the these rules, may be applied to a proceeding under these rules.

Fed.R.Civ.P. 11; see also Ebert v. Clarke, 320 F.Supp. 2d 902, 904 n.4 (D.Neb. 2004) citing Woodford v. Garceau, 838 U.S. 202, 208 (2003).

Rule 5(a) and (b) of the Rules Governing Section 2254 Cases states that the respondent is not required to answer unless a judge so orders and that the answer must address the allegations in the Petition and any procedural defenses. It does not provide a time by which the Answer must be filed.

**BACKGROUND**

On July 31, 2006 this court filed a Case Management Order directing respondent to respond to petitioner's *habeas* Petition by September 15, 2006. On September 14, 2006 respondent filed the Response. On December 7, 2006 this court granted petitioner's Motion to amend his *habeas* Petition and ordered that, if petitioner filed an amended Petition, respondent should respond thirty

(30) days thereafter. On January 25, 2007 petitioner filed a First Amended Petition. Respondent did not timely file a Response to the amended Petition. On March 8, 2007 this court granted respondent thirty (30) days to respond to the amended Petition.

## DISCUSSION

Whether a default judgment is available in a *habeas corpus* proceeding is doubtful. Woods v. Kearney, 215 F. Supp.2d 458, 463 n.7 (D.Del. 2002). Many cases have held that a default judgment is unavailable in a *habeas corpus* proceeding. See Lemons v. O'Sullivan, 54 F.3d 357, 364-65 (7th Cir. 1995) ("Default judgment is an extreme sanction that is disfavored in *habeas corpus* cases."); Gordon v. Duran, 895 F.2d 610, 612 (9th Cir. 1990) ("The failure to respond to claims raised in a Petition for *Habeas Corpus* does not entitle the petitioner to a default judgement."); Aziz v. Leferve, 830 F.2d 184, 187 (11th Cir. 1987) ("A default judgment is not contemplated in *habeas corpus* cases."); Allen v. Perini, 424 F.2d 134, 138 (8th Cir. 1970) ("Rule 55(a) has no application in *habeas corpus* cases.") See also Taylor v. Carol, 2003 WL 22075693 (D. Del. 2003) (same).

"A default judgment is a sanction, Phillips Medical System Int'l. B.V. v. Bruetman, 8 F.3d 600, 602 (7th Cir. 1993), and a sanction should be proportionate to the wrong." Bleitner v. Welborn, 15 F.3d 652, 653 (7th Cir. 1994).

> Releasing a properly convicted prisoner or imposing on the state the costs and uncertainties of retrying him, perhaps many years after the offense, is apt to be a disproportionate sanction for the wrong of failing to file a timely motion for an extension of time [to file a response to a *habeas* petition]. This thinking informs the principal that default judgments are disfavored in *habeas corpus* cases. E.g., Ruis v. Cady, 660 F.2d 337, 340 (7th Cir. 1981); Hale v. Lockhart, 903 F.2d 545, 547-48 (8th Cir. 1990) [citing with approval a Second Circuit case that reversed a district court's entry of default judgment. Bermudez v. Reid, 733 F.2d 18 (2nd Cir.) cert. denied, 469 U.S. 874 (1984)]; Aziz v. Leferve, 830 F.2d 184, 187 (8th Cir. 1987). *Habeas corpus* is a strong remedy and is therefore reserved, as we had occasion to note recently, for serious rather than merely technical violations of rights. Waletski v. Keohane, 13 F.3d 1079, 1081 (7th Cir. 1994). The prompt disposition of petitions for *habeas corpus* is highly desirable, especially given the writ's historic function of protecting the citizen against arbitrary detention; and at some point delay in the disposition of a petitioner for *habeas corpus* caused by the government's willfully refusing to file a response might infringe the petitioner's right to due process of law. Ruiz v. Katy, *supra* 660 F.2d at 340; see F. Allen v. Duckworth, 6 F.3d 458, 459 (7th Cir. 1993). Yet even when a case is nearing that point, the district court, rather than entering a default judgment, ordinarily should proceed to the merits of the petition,

> since if the petition has no merit, the delay in disposing of it will in the usual case have caused no prejudice to the petitioner. Id.

Bleitner, 15 F.3d at 643. Here, respondent timely responded to petitioner's original Petition. There is no prejudice to petitioner by respondent's delay in responding to the amended Petition, especially in light of the fact that petitioner moved to stay the proceedings to exhaust his administrative remedies and alternatively moved to amend. Given the plethora of motions filed by petitioner asking the district court to reconsider the magistrate judge's various Orders, it is understandable that respondent overlooked the response filing date. The Response is now due **April 8, 2007**. Petitioner's Traverse is due **May 8, 2007**. Immediately upon receipt of the Response and Traverse, the undersigned will take up the merits of the First Amended Petition. No sanctions are warranted at this time.

Accordingly,

**IT IS HEREBY RECOMMENDED** that petitioner's Motion for Default Judgment or, In the Alternative, Other Appropriate Sanctions be **DENIED**.

The parties are advised that they have eleven (11) days in which to file written objections to this report and recommendation pursuant to 28 U.S.C. §636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact. See Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990).

/s/Mary Ann L. Medler
MARY ANN L. MEDLER
UNITED STATES MAGISTRATE JUDGE

Dated this  26th  day of March, 2007.