UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

PAUL ROLLEN,                         )
                                     )
            Petitioner,              )
                                     )
      vs.                            )     No. 4:06-CV-1114 (CEJ)
                                     )
CHUCK DWYER,                         )
                                     )
            Respondent.              )

**MEMORANDUM AND ORDER**

This matter is before the Court on petitioner's objections to the Report and Recommendation of United States Magistrate Judge Mary Ann L. Medler, to whom the matter was referred pursuant to 28 U.S.C. § 636(b). On May 1, 2007, Judge Medler issued a Report and Recommendation, recommending that the petition of Paul Rollen for habeas corpus relief be denied. Petitioner has filed objections to the Magistrate Judge's Report and Recommendation. Pursuant to 28 U.S.C. § 636(b)(1), the Court makes the following *de novo* determination of the portions of the report and the specified findings or recommendations to which objection is made.

**I. Background**

On June 27, 2002, a jury convicted petitioner of robbery in the first degree, three counts of armed criminal action, and two counts of murder in the second degree. The charges arose from the shooting of an assistant manager at the business where petitioner had previously been employed. The shooting left both the assistant manager and her unborn child dead. Petitioner's employment was terminated in the weeks prior to the shooting due to shortages in

the cash drawer which were allegedly linked to petitioner. On the day of the shooting, petitioner, upset that his final paycheck was significantly lower than he had anticipated, appeared at the business and asked to speak with the victim. As petitioner left the store, he allegedly nodded towards Donnell Williams, who was sitting in a car outside the store. Petitioner then drove across the street to an empty parking lot, where he got out of his vehicle and looked back towards the store. A short time later, the victim left the store carrying a money bag intended for deposit at a local bank. Donnell Williams fired a single gunshot into her chest, killing her and her unborn child. Williams picked up the bag of money before fleeing the scene.

Petitioner was initially interviewed as a witness to the shooting, but became a suspect as the investigation yielded information linking petitioner to Donnell Williams. Police found .38 caliber ammunition and $1,170 in cash hidden in a white sock in petitioner's home, along with another $4,000 in cash hidden at his girlfriend's home. A .38 caliber handgun and ammunition were found in Donnell William's home, along with a bank bag and a note with petitioner's first name written on it. The ammunition was the same ammunition as that found at petitioner's home. Petitioner later confessed to planning the robbery and giving the handgun to Donnell Williams. Petitioner also confessed to receiving about $5,000 from the robbery. After his convictions, the sentencing court found that petitioner was a prior offender and sentenced him to six consecutive life terms.

Petitioner appealed his convictions, alleging that the trial court erred in failing to grant his motion for acquittal based on the alleged lack of evidence that the victim's unborn child was a "person" under the statute. Petitioner also claimed that the trial court erred in failing to compel Donnell Williams, who had asserted his Fifth Amendment privilege against self-incrimination, to testify. On December 2, 2003, the Missouri Court of Appeals affirmed petitioner's convictions and sentences. Petitioner then unsuccessfully filed a pro se motion for state post-conviction relief. Petitioner asserted ineffective assistance of counsel for various reasons. The Missouri Court of Appeals affirmed this denial on February 14, 2006, and petitioner filed this federal habeas action on January 25, 2007.

Petitioner lists the following five grounds for relief in his First Amended § 2254 Petition:

(1) Petitioner was denied due process because his convictions relating to the death of the unborn child were contrary to clearly established law under Roe v. Wade, 410 U.S. 113 (1973) and Webster v. Reproductive Health Services, 492 U.S. 490 (1989);

(2) Petitioner received ineffective assistance of counsel when trial counsel did not make a timely objection to the trial court's failure to compel Donnell Williams, who had asserted his privilege against self-incrimination, to testify at the request of defense counsel;

(3) Petitioner received ineffective assistance of counsel when appellate counsel failed to raise on direct appeal the trial court's denial of petitioner's right to cross-examine Detective Eagan about exculpatory statements allegedly made to Detective Eagan by Donnell Williams;

(4) Petitioner received ineffective assistance of counsel when appellate counsel failed to raise on direct appeal that the prosecutor misled the jury during closing arguments by stating that

petitioner had given Donnell Williams the bullets used in the shooting; and

 (5) Petitioner received ineffective assistance of counsel when trial counsel failed to challenge petitioner's alleged violation of constitutional rights when unsworn statements made by petitioner were admitted into evidence while the unsworn statements of Donnell Williams were excluded.

Judge Medler found that petitioner had procedurally defaulted his fifth claim and denied his four remaining claims on their merits. Petitioner generally objects to each of Judge Medler's findings and offers three specific objections focusing mainly on petitioner's first, second, and fifth claims.

## II. Discussion

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a writ of habeas corpus cannot be granted unless: (1) the state decision was either contrary to, or involved an unreasonable application of, clearly established federal law; or (2) the state decision was an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d).

The Court will first turn to Judge Medler's finding that petitioner procedurally defaulted on his fifth claim. Petitioner contends that he received ineffective assistance of counsel when his trial attorney failed to challenge the fact that petitioner's unsworn statements were admitted into evidence while similar statements by Donnell Williams were excluded. Judge Medler noted that petitioner did not raise this issue before the Missouri appellate court. Judge Medler also found that petitioner had not suggested any valid grounds to excuse his procedural default. In

-4-

his objections, petitioner states that a claim that trial counsel failed to preserve an issue for appellate review is not cognizable in Missouri and therefore, petitioner had no prior opportunity to raise this claim.

The exhaustion requirement is not applicable when raising the claims in state court would be futile. However, it is "only after some clear manifestation on the record that a state court will refuse to entertain petitioner's claims will the exhaustion requirement be disregarded as futile." Powell v. Wyrick, 657 F.2d 222, 224 (8th Cir. 1981). The question is not whether state law would decide in favor of petitioner on the merits, but simply whether state law provides any procedure for determining the merits, whatever the outcome may be. See Snethen v. Nix, 736 F.2d 1241, 1245 (8th Cir. 1984).

The Court agrees with Judge Medler that petitioner's fifth claim is procedurally barred. Petitioner's fifth claim involves the trial counsel's alleged failure to challenge the admissibility of petitioner's own statements while the statements of Donnell Williams were excluded. There is not "clear manifestation on the record that a [Missouri] state court will refuse to entertain" such a claim.[1] See Powell, 657 F.2d at 224.

---

[1] Petitioner argues that a claim that trial counsel failed to preserve an issue for appeal is not cognizable under Missouri Supreme Court Rule 29.15. See State v. Thompson, 955 S.W.2d 828, 831 (Mo. App. 1997). However, petitioner's attempt to couch his fifth claim as one of failure to preserve is not persuasive. The basis of petitioner's claim is simply that statements he made, which he apparently believes should have been excluded as hearsay or due to a Miranda violation, were admitted into evidence without

-5-

Petitioner also argues that respondent has waived any objection regarding exhaustion. The record reflects that petitioner filed a motion for default judgment because he believed that respondent's delay in filing a response to the show cause order should result in judgment in petitioner's favor, or in the alternative, a finding that respondent had waived all procedural defenses. Judge Medler recommended that the motion be denied and her recommendation was adopted by Judge Charles A. Shaw. The Court found that no sanctions against respondent were warranted. Petitioner believes that, since Judge Shaw later recused himself from this action, his motion for default or sanctions should now be reconsidered. Indeed, in addition to his motion for recusal, plaintiff moves the Court to reconsider Judge Shaw's ruling. [Docket #33]. The Court declines to reconsider this motion and will adopt Judge Medler's recommendation dismissing petitioner's fifth claim as procedurally barred.

The Court will now turn to the merits of petitioner's remaining claims. Petitioner's first claim alleges that he was denied due process because his conviction for the murder of an unborn child was contrary to firmly established federal law. Petitioner notes that the unborn child was seventeen weeks old at the time of the shooting. The child was not injured by the

---

objection. Such an issue would have been reviewable had petitioner raised it. Regardless, petitioner's fifth claim is without merit. There is no evidence of any <u>Miranda</u> violation in regards to petitioner's pretrial statements, which would also be considered non-hearsay admissions. Petitioner's counsel is not ineffective for failing to raise these meritless claims.

gunshot, but died as a result of the death of his mother. Petitioner believes that federal law prohibits the classification of a seventeen month old fetus as a "person". Petitioner claims that he cannot "be guilty of taking a life which did not yet exist."

Under Missouri law, a person is guilty of second degree felony murder if he commits any felony and, in doing so, another *person* is killed. V.A.M.S. § 565.021. The Missouri criminal code does not define the term "person". However, Section 1.205 provides that "the laws of this state shall be...construed to acknowledge on behalf of the unborn child at every stage of development, all the rights, privileges, and immunities available to other persons." V.A.M.S. § 1.205. Missouri courts have consistently applied section 1.205 to the definition of "person" in criminal statutes, including first degree murder and involuntary manslaughter. See State v. Holcomb, 956 S.W.2d 286, 290 (Mo. App. W.D. 1997); State v. Knapp, 843 S.W.2d 345, 350 (Mo. banc 1992). Upon addressing the merits of this issue on petitioner's appeal, the Missouri Court of Appeals held that an unborn child is a person under Missouri's second degree murder statute.

Such a conclusion is not inconsistent with the United States Supreme Court decisions in Roe v. Wade, 410 U.S. 113 (1973) and Webster v. Reproductive Health Services, 492 U.S. 490 (1989). Both of these cases related to statutes regulating abortions. The relevant statutes in this case do not attempt to regulate abortion. Like the Missouri Court of Appeals, the Court finds a distinction

between a mother's ability to terminate her pregnancy and the prosecution of a third party for the intentional killing of that child. Roe v. Wade and Webster are not applicable to the facts of this case. Because federal law does not prohibit the interpretation of Missouri's second degree murder statute to encompass unborn children, the Court finds that petitioner's due process rights were not violated by his conviction. Petitioner's first ground for relief is dismissed.[2]

Petitioner's second, third, and fourth claims are each based on alleged ineffective assistance of counsel. To prevail on an ineffective assistance of counsel claim, petitioner must show both error and prejudice. See Strickland v. Washington, 466 U.S. 668, 687 (1984). To establish error, petitioner must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. In other words, "counsel's representation [must fall] below an objective standard of reasonableness." Id. at 688. Because it is very easy to judge trial decisions differently in hindsight, "[j]udicial scrutiny of counsel's performance must be highly deferential." Id. at 689. Indeed, petitioner has the burden to

---

[2] Petitioner also argues that section 1.205 does not give proper notice to the public that the killing of an unborn child can result in a conviction for second degree felony murder. However, Missouri courts had applied section 1.205 to other criminal statutes, including first degree murder, prior to when the shooting took place. See Holcomb, 956 S.W.2d at 290; Knapp, 843 S.W.2d at 350. Thus, at the time of the crime, Missouri law was clear that the definition of "person" for the purposes of criminal statutes included an unborn person.

"overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. at 689 (internal citations omitted). Even if petitioner is successful in establishing counsel error, he must also show "that because of counsel's error, there is a reasonable probability that the result of the proceedings would have been different." Id. at 690.

Petitioner's second claim alleges that trial counsel was ineffective for failing to object to the trial court's refusal to force Donnell Williams to testify. Donnell Williams exercised his Fifth Amendment privilege against self-incrimination and refused to testify. Petitioner believes that, had Mr. Williams testified, he would have refuted the prosecution's allegation that he received a signal from petitioner as to when the victim would be exiting from the store. Petitioner states that, because Mr. Williams had already pled guilty to the facts of the case, he could no longer assert the privilege against self-incrimination.

The Court cannot say that counsel erred by not challenging the trial court's decision to not force Mr. Williams to testify. Even if Mr. Williams had indeed waived his privilege against self-incrimination by pleading guilty, his testimony would have been subject to cross-examination which could have been particularly damaging to petitioner. Further, the Court is not convinced that counsel's failure to object prejudiced petitioner. In light of the overwhelming evidence in the record of petitioner's guilt, it is unlikely that the result of petitioner's trial would have been any

different had Mr. Williams been compelled to testify. Accordingly, petitioner's second claim is dismissed.

Petitioner's third claim alleges that appellate counsel was ineffective for failing to raise on direct appeal the trial court's denial of petitioner's right to cross examine Detective Joseph Eagan about statements made by Donnell Williams. Petitioner believes that Detective Eagan would have testified that Donnell Williams had stated that he and petitioner had not planned to meet at the store and that he had received no signal from petitioner. The trial court sustained an objection based on hearsay, finding that the statements were made under circumstances that made them inherently untrustworthy and unreliable.

"[A] defendant has a constitutional right to proffer exonerating statements, that would otherwise be hearsay, if they were made under circumstances providing considerable assurance of their reliability." Skillicorn v. Luebbers, 475 F.3d 965, 970 (8th Cir. 2007). Petitioner has not shown that the trial court erred in finding that the statements made by Donnell Williams were inherently unreliable under the circumstances in which they were made. Thus, petitioner has failed to establish that, had appellate counsel raised this claim on appeal, it would have been meritorious. Counsel cannot be ineffective for failing to raise a meritless claim on appeal. See Grubbs v. Delo, 948 F.2d 1459, 1463 (8th Cir. 1991). Therefore, petitioner's third ground for relief, alleging ineffective assistance of counsel, is dismissed.

Petitioner's remaining claim is that he received ineffective assistance of counsel when appellate counsel failed to challenge on appeal the prosecutor's statements during closing arguments that the bullets used in the shooting had been given to Donnell Williams by petitioner, even though the evidence did not support such a conclusion. The Missouri Court of Appeals, when considering this issue, found that the evidence in the case supported an inference that petitioner supplied the ammunition to Donnell Williams, and that the prosecutor was allowed to raise such a theory during closing arguments. The court found that petitioner was not prejudiced by the failure of appellate counsel to raise the issue on appeal. This Court agrees and finds that the decision of the state appellate court is a reasonable interpretation of, and is not contrary to, clearly established federal law. Plaintiff has simply failed to show that the result of his trial or appeal would have been any different had these issues been raised by counsel. In reviewing the record, the Court, like those before it, finds that overwhelming evidence of petitioner's guilt exists. None of petitioner's objections cast doubt on this conclusion. Therefore, all of petitioner's ineffective assistance of counsel claims are without merit.

Petitioner also objects to Judge Medler's statement that "[p]etitioner raised the issues in Grounds 1-4 before the Missouri appellate court." Petitioner contends that he did not raise his second claim before the appellate court "inasmuch as that ground asserts that trial counsel was ineffective for failing to preserve

-11-

for appeal the issue that Donnell Williams was coerced into pleading the 5th Amendment's privilege against self-incrimination by appointed counsel's statement" that Mr. Williams could be subject to the additional crime of perjury. The Court finds that this objection is also without merit. Because the Court has found that petitioner's second claim is meritless, it is irrelevant whether or not it was raised at the state appellate level. Further, there is no evidence in the record that Donnell Williams was coerced into exercising his privilege against self-incrimination. Therefore, counsel cannot be ineffective for failing to raise the issue.

Petitioner's objections to Judge Medler's Report and Recommendation are overruled. Petitioner has not shown that the prior adjudication of his claims in state court was contrary to, or involved an unreasonable application of clearly established federal law. Nor has petitioner shown that the state adjudication was based on an unreasonable determination of the facts in light of the evidence presented. Federal habeas relief is not warranted.

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation of United States Magistrate Judge Mary Ann L. Medler [#38] is sustained, adopted, and incorporated herein.

**IT IS FURTHER ORDERED** that the petition of Paul Rollen for a writ of habeas corpus [#3] is **denied.**

**IT IS FURTHER ORDERED** that petitioner has failed to make a substantial showing of the denial of a constitutional right and the

Court will not issue a certificate of appealability.  See <u>Cox v. Norris</u>, 133 F.3d 565, 569 (8th Cir. 1997).

**IT IS FURTHER ORDERED** that petitioner's motion for reconsideration [#33] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 27th day of July, 2007.